**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN MILES FOSTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:03-CV-1876-RWS |
| CLAYTON COUNTY JUDICIAL : | |
| CIRCUIT OF THE STATE OF : | |
| GEORGIA, et al., : | |
| : | |
| Defendants. : | |

**ORDER**

Plaintiff John Miles Foster filed this action pursuant to 42 U.S.C. § 1983 against numerous county and state officials and agencies, alleging that various prison policies, judicial practices, and decisions of the Board of Pardons and Paroles violate his rights under the Due Process, Equal Protection, and <u>Ex Post Facto</u> Clauses, as well as his right of access to the courts under the First Amendment.  By Order dated March 28, 2006, the Court dismissed Plaintiff's claims against a number of Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B), denied Plaintiff's Motion for Summary Judgment, and granted Defendants' Motion for Summary Judgment as to all of Plaintiff's claims except two. Because the claims remaining in this case appeared amenable to resolution on

summary judgment, however, the Court granted the moving Defendants leave to file a renewed Motion for Summary Judgment on Plaintiff's two remaining claims. By Order entered February 6, 2007, the Court granted that motion and entered summary judgment in their favor. (Order of Feb. 6, 2007 [104] at 5-19.)

In addition to resolving Defendants' Renewed Motion for Summary Judgment, the Court took action with respect to Plaintiff's claims against Defendants Center for Prisoners' Legal Assistance, P.C. ("CPLA") and Peppering. First, the Court recognized that Defendant CPLA had waived service of process, moved for and was denied dismissal under Rule 12, and then failed to timely file an Answer in this case. Accordingly, the Court directed the Clerk to enter Default as to CPLA, and ordered Plaintiff "to file . . . a statement of the relief he seeks against CPLA and the basis for the requested relief." (Id. at 19-20.) Second, the Court recognized that Defendant Peppering had not been properly served with process, and ordered Plaintiff to file with the Court a statement showing cause why his claims against Defendant Peppering should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Id. at 20.) Plaintiff has filed his statement as ordered, and the Court now addresses these two issues.

2

AO 72A
(Rev.8/82)

**I.     Defendant CPLA**

With respect to Plaintiff's claims against Defendant CPLA, Plaintiff requests that this Court order Defendant CPLA[1] (1) to hire counsel to assist Plaintiff in a yet-to-be-filed state habeas action; and (2) pay all costs associated with that state habeas action, as well as his appeal of this action the 11th Circuit Court of Appeals.  (See Pl.'s Req. for Relief from Defs. Peppering and C.P.L.A. [107] at 2-3.)

The Court declines to grant Plaintiff the relief he requests.  Notably, Plaintiff does not request money damages against Defendant CPLA.[2]  Rather, Plaintiff requests only that this Court order what is, in essence, prospective injunctive relief, and the payment of filing fees resulting from Plaintiff's appeal of this action.  As to Plaintiff's request that CPLA retain counsel for his benefit to assist him in his future action, the Court cannot order the relief requested.  A review of the Georgia Secretary of State's website shows that Defendant CPLA

---

[1] Plaintiff requests identical relief against Defendant Peppering.  The Court, however, will limit its discussion of Defendant Peppering to whether Plaintiff's claims against him should be dismissed for failure to timely effect service of process.

[2] The Court notes that it has resolved Plaintiff's access to courts claims against him based upon Plaintiff's failure to demonstrate that the lack of access to legal materials hindered his efforts to proceed with the legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.  (Order of Mar. 28, 2006 [87] at 14-19.)

3

has been administratively dissolved effective July 9, 2005.  See Records of Ga. Sec. of State, available at http://corp.sos.state.ga.us/corp/soskb/ Corp.asp?972524.  Under Georgia law, a corporation that has been administratively dissolved is legally precluded from carrying on any business except that necessary to wind up and liquidate its business and affairs.  O.C.G.A. § 14-2-1421.  Thus, Defendant CPLA is prohibited by law from engaging counsel to act on Plaintiff's behalf, and as such, the Court declines to order the relief requested.  With respect to Plaintiff's second request for relief, Plaintiff has not demonstrated that this Court's dismissal of his claims and/or the Court's entry of summary judgment in favor of the other Defendants in this action was, in any way, due to a failing on the part of CPLA.  As such, it declines to require Defendant CPLA to pay the fees associated with Plaintiff's appeal of any Order entered in this case.  Accordingly, insofar as Plaintiff requests relief against Defendant CPLA, that request is **DENIED**.

## II. Defendant Peppering

A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint.  Fed. R. Civ. P. 4(m).  In this case,

4

Plaintiff has failed to properly serve Defendant Peppering within the time permitted under Rule 4.  Moreover, Plaintiff has failed to exercise reasonable diligence in effecting service on Defendant Peppering individually.[3] Accordingly, Plaintiff's claims against Defendant Peppering are hereby **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

## Conclusion

For the reasons stated above, Plaintiff's request for re1ief against Defendant CPLA [107] is **DENIED**.  Plaintiff's claims against Defendant Peppering are **DISMISSED** for failure to timely effect service of process.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this   20th   day of February, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[3] Although Plaintiff makes reference to two attempts to retrieve Defendant's address (see Pl.'s Req. for Relief from Defs. Peppering and C.P.L.A. ¶ 5), these requests relate only to Defendant CPLA, and not to Defendant Peppering.  (See Dkt. No.s [19, 38].)