**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN MILES FOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:03-CV-1876-RWS |
| CLAYTON COUNTY JUDICIAL | : | |
| CIRCUIT OF THE STATE OF | : | |
| GEORGIA, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Now before the Court is Plaintiff's Motion for Certificate of

Appealability [118], which the Court construes as an Amended Notice of

Appeal and renewed Motion for Leave to Appeal *in forma pauperis*. After

considering the entire record, the Court enters the following Order.

## Background

Plaintiff John Miles Foster filed this action pursuant to 42 U.S.C. § 1983

against numerous county and state officials and agencies, alleging that various

prison policies, judicial practices, and decisions of the Board of Pardons and

Paroles violated his rights under the Due Process, Equal Protection, and Ex Post

Facto Clauses, as well as his right of access to the courts under the First

AO 72A
(Rev.8/82)

Amendment.  By Order dated March 28, 2006, the Court dismissed Plaintiff's

claims against a number of Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B),

denied Plaintiff's Motion for Summary Judgment, and granted certain

Defendants' Motion for Summary Judgment as to all of Plaintiff's claims

except two.  Because the claims remaining against those Defendants appeared

amenable to resolution on summary judgment, the Court granted them leave to

file a renewed Motion for Summary Judgment on Plaintiff's two remaining

claims.  By Order entered February 6, 2007, the Court granted that motion and

entered summary judgment in their favor.  (Order of Feb. 6, 2007 [104] at 5-

19.)  In the same Order, the Court recognized that only Plaintiff's claims against

Defendants Steve Peppering and the Center for Prisoner Legal Assistance, PC

("CPLA") remained in this action, and attempted to move this case toward

resolution.  To that end, the Court first pointed out that Plaintiff had failed to

effect service of process on Defendant Steve Peppering, and directed Plaintiff to

show cause why his claims against Mr. Peppering should not be dismissed

pursuant to Rule 4(m).  Second, the Court recognized that Defendant CPLA had

failed to file an answer in this case, directed the Clerk to enter default against

the CPLA, and ordered Plaintiff to file a statement of the relief he sought

against the CPLA for purposes of entering a default judgment.

AO 72A
(Rev.8/82)

Default was entered as against the CPLA, and on February 14, 2007, Plaintiff duly filed his response to the Court's Order as directed. (See Pl.'s Mot. for Relief from Defs. Peppering and CPLA [107].)  On the same day, however, and while his claims against Defendants CPLA and Peppering remained pending, Plaintiff also filed a Notice of Appeal through which he sought appellate review of the Court's February 6, 2007 Order granting summary judgment in favor of Defendants on most, but not all, of Plaintiff's claims. (See Pl.'s Notice of Appeal [105].)  Plaintiff then sought leave to proceed on appeal from the Court's February 6, 2007 Order *in forma pauperis*. (See Pl.'s Mot. to Appeal IFP [113].)  By Order entered February 20, 2007, the Court denied Plaintiff's Motion to Appeal IFP, concluding that the appeal was frivolous because Plaintiff was seeking appellate review of a non-final order, and he had neither requested nor was granted certification for interlocutory review.[1]  (See Order of March 15, 2007 [114].)  The Court also explained,

---

[1] The Eleventh Circuit Court of Appeals acknowledged receipt of the Court's March 15, 2007 Order denying Plaintiff leave to proceed on appeal *in forma pauperis*, and forwarded to Plaintiff a consent form authorizing the withdrawal of the $455 filing fee from Plaintiff's inmate account.  (See USCA Acknowledgment of receipt of order denying IFP [116]).  Plaintiff has executed that consent form, and returned it to the Court of Appeals.  (See Appeal Notice [120].)  The execution of such a consent form is considered a renewed request to Court of Appeals to proceed on appeal *in forma pauperis*, and Plaintiff's request is currently pending before the Eleventh Circuit.

AO 72A
(Rev.8/82)

however, that Plaintiff was "not without recourse," and that Plaintiff remained free to "file a Notice of Appeal of this Court's Order of February 20th, 2007 [108], which is the final, and thus, appealable decision in this case." (Order of Mar. 15, 2007 at 8.) In addition, the Court explained that Plaintiff may again seek leave to proceed on appeal *in forma pauperis*, and, assuming compliance with the applicable Rules of Appellate Procedure, the Court would consider the merits of any such request at the appropriate time.[2] (Id.)

On March 23, 2007, the Clerk's Office received and docketed what was denominated as a Motion for Certificate of Appealability. (See Pl.'s Mot. for COA [118].) In that Motion, Plaintiff appears to seek appellate review of the Court's decision to grant Defendants' Motion for Summary Judgment on Plaintiff's claims under the Equal Protection, Due Process, and Ex Post Facto clauses, as well as the First Amendment.[3] In addition, Plaintiff expressly requests that the Clerk resubmit his March 7, 2007 Motion to Appeal *in forma*

---

[2] In its Order, the Court "caution[ed] Plaintiff that the deadline for filing this Notice of Appeal is 30 days from the entry of the Court's February 20, 2007 Order." (Order of Mar. 15, 2007 at 8 n.1.)

[3] Additionally, Plaintiff states that: "[i]n denying Appellants [sic] Claims, the Lower Court has so far departed from the Accepted and Usual course of Judicial Proceeding, as to call for an exercise of [the Eleventh Circuit's] Supervisory Power." (Mot. for COA ¶ 5.)

AO 72A
(Rev.8/82)

*pauperis* for consideration by this Court.  (Mot. for COA at 1.)  In view of this request, and the clear indication that Plaintiff seeks appellate review of this Court's decisions, the Court turns now to consider two issues:  whether Plaintiff's Motion for Certificate of Appealability should be construed as a Notice of Appeal from the Court's final judgment in this case, and if so, whether any good faith grounds for appeal exist.  For the reasons that follow, the Court concludes that Plaintiff's Motion for Certificate of Appealability should be construed as a notice of appeal, but that no good faith grounds for appeal exist.

## Analysis

## I.     Jurisdiction

Before turning to the merits of Plaintiff's appeal, the Court must consider, yet again, whether the Court of Appeals would have jurisdiction to hear his appeal.  In making this determination, the Court must consider two questions: (1) whether his Motion for Certificate of Appealability was timely filed under Federal Rule of Appellate Procedure 4; and (2) whether it satisfies the requirements of Federal Rule of Appellate Procedure 3(c) such that it may be construed as a notice of appeal sufficient to confer jurisdiction upon the Court of Appeals.

AO 72A
(Rev.8/82)

**A.      Timeliness**

"In a civil case . . . [a] notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).  "Filing a timely notice of appeal is 'mandatory and jurisdictional' and if a [party] fails to do so, a court of appeals is 'without jurisdiction to review the decision on the merits.' " United States v. Machado, 465 F.3d 1301, 1305 (11th Cir. 2006) (quoting Budinich v. Becton Dickinson and Co., 486 U.S. 196, 203, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), and collecting cases).

In this case, the Court's final Order was entered on the docket on February 20, 2007.  Thus, to appeal from the Court's final judgment, Plaintiff must have filed a notice of appeal within 30 days from that date.  Plaintiff's Motion for Certificate of Appealability was received and docketed by the Clerk's Office on March 23, 2007, or 31 days after the Court's February 20, 2007 Order was entered on the docket.  Plaintiff's Motion was signed, however, on March 20, 2007, or 28 days after the Court's Order was entered.  Under the "prison mailbox rule," "[a] pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (citing

AO 72A
(Rev.8/82)

<u>Houston v. Lack</u>, 487 U.S. 266, 275, 108 S. Ct. 2379, 101 L. Ed. 2d 245

(1988)).  Absent evidence in the record to the contrary, courts will presume that

the prisoner's filing was delivered to prison authorities on the date the prisoner

signed it.  See <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir.

2001).  Because Plaintiff signed his Motion within the thirty-day period for

filing his notice of appeal, and because there is no evidence that his Motion was

not delivered to prison authorities on the day it was signed, the Court will

consider it timely filed under Federal Rule of Appellate Procedure 4.

### B.      Notice of Appeal Requirements

Having concluded that Plaintiff's Motion for Certificate of Appealability

was filed within the period allowed under the Rules of Appellate Procedure, the

Court must now consider whether that filing should be deemed a notice of

appeal from the Court's final judgment in this case.  The Court concludes that it

should.

Just as the failure to file a timely notice of appeal deprives the appellate

court of jurisdiction to hear an appeal, a notice of appeal which fails to comply

with the requirements of Federal Rule of Appellate Procedure 3 is similarly

insufficient to confer appellate jurisdiction.  <u>Smith v. Barry</u>, 502 U.S. 244, 248,

112 S. Ct. 678, 116 L. Ed. 2d 678 (1992) ("Rule 3's dictates are jurisdictional in

AO 72A
(Rev.8/82)

nature, and their satisfaction is a prerequisite to appellate review.").  Under the

Federal Rules of Appellate Procedure, the notice of appeal must:

> (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ;
>
> (B) designate the judgment, order, or part thereof being appealed; and
>
> (C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c)(1).  The Supreme Court has explained, however, that

although the requirements of Rule 3 are jurisdictional, they are also liberally

construed.  Smith, 502 U.S. at 248.  Thus, the Supreme Court has held that

"when papers are 'technically at variance with the letter of [Rule 3], a court may

nonetheless find that the litigant has complied with the rule if the litigant's

action is the functional equivalent of what the rule requires.' "  Id. at 247-48

(quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S. Ct. 2405,

101 L. Ed. 2d 285 (1988)).  That said, the principle of liberal construction does

not excuse noncompliance with Rule 3, and the failure to comply with its

mandates is fatal to an appeal.  Smith, 502 U.S. at 248.

Courts apply a two-part test to determine whether a given filing should be

construed as a notice of appeal.  Rinaldo v. Corbett, 256 F.3d 1276, 1278-79

AO 72A
(Rev.8/82)

(11th Cir. 2001).  First, the Court must determine whether the filing fulfills the

three-part requirement of Rule 3(c)(1) and is therefore the "functional

equivalent" of a notice of appeal.  Id.  Second, the Court must determine

"whether it is objectively clear [from the filing] that a party intended to appeal"

such that the other parties and the courts are provided with sufficient notice.  Id.

at 1279; see also Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d

653, 660 (11th Cir. 1998) ("The test for determining the sufficiency of a notice

of appeal is 'whether it is objectively clear that a party intended to appeal.' "

(quoting Fed. R. App. P. 3(c) advisory committee's note, 1993 amendment)).

       1.    Rule 3(c)

As an initial matter, the Court concludes that Plaintiff's March 23 Motion

for Certificate of Appealability satisfies the requirements of Rule 3(c), and thus,

is the functional equivalent of a notice of appeal.  As explained above, a notice

of appeal must specify the party or parties taking the appeal; designate the

judgment, order or part thereof appealed from; and name the court to which the

appeal is taken.   Plaintiff's Motion, liberally construed, satisfies these

requirements.  First, the Motion clearly identifies Plaintiff as the appealing

party, and thus satisfies the first requirement of Rule 3(c).  Second, while the

Motion does not expressly designate either the Court's final judgment in this

9

case, express designation is not required.  Instead, an implicit designation of the

order or judgment appealed from is sufficient, see Club Car, Inc. v. Club Car

(Quebec) Import, Inc., 362 F.3d 775, 785 (11th Cir. 2004) (explaining that

Court of Appeals "ha[s] jurisdiction to review only those judgments or orders

specified—expressly or impliedly—in the notice of appeal."), and Plaintiff's

Motion satisfies this requirement.  The Motion expressly refers to the Court's

March 14, 2007 Order.  (See Mot. for COA at 1 ("Pursuant to this Courts [sic]

Order dated March 14, 2007, above-named Plaintiff files this ""Motion for

Certificate of Appealability" listing issues for Appeal as requested.").)  That

Order both denied Plaintiff's request to appeal *in forma pauperis*, and instructed

Plaintiff that should he wish to appeal from the Court's final judgment, he

should file a notice of appeal indicating his intent to appeal from the Court's

final, February 20, 2007 Order.  Plaintiff's express reference to the Court's

March 14 Order and, in particular, its instructions regarding how to obtain

appellate review of the final judgment in this case, is sufficient to implicitly

designate the Court's final judgment as that from which Plaintiff seeks to

appeal.[4]  Thus, the Court concludes that the second requirement of Rule 3(c) has

---

[4] Moreover, the Court notes that each of the issues Plaintiff seeks to raise on appeal clearly relates to the Court's final judgment in this case.

AO 72A
(Rev.8/82)

been satisfied.  Third, although Plaintiff's Motion does not specify that he seeks

to appeal to the Eleventh Circuit, that fact is similarly implicit in his Motion.

Petitioner has previously sought appellate review of this Court's decisions in

the Eleventh Circuit, and indeed, that is the only circuit court where direct

appellate review is available.  See Barrett v. United States, 105 F.3d 793,

795-796 (2d Cir. 1996) (pro se appellant's failure to specify any appellate court

was not fatal defect, since review of district court's decision could be had in

only one court).  Accordingly, the Court concludes that Plaintiff's Motion

satisfies the third and final requirement of Rule 3(c).

### 2.    Objective intent to appeal

Having concluded that Plaintiff's Motion satisfies the requirements of

Rule 3(c), the Court turns to the question of whether it is objectively clear from

that filing that Petitioner intends to appeal.  The Court readily concludes that it

is.

As explained above, Petitioner previously sought appellate review of this

Court's decision to either dismiss or grant summary judgment in favor of all of

Plaintiff's claims except two.  Although the Court denied Plaintiff leave to

appeal from that decision *in forma pauperis*, it instructed Plaintiff on the proper

procedure for seeking appellate review of the final decision in this case.

11

Although Plaintiff failed to file a technically correct notice of appeal as instructed, he otherwise followed the Court's directions, clearly and unequivocally indicating his intent to appeal from the Court's final judgment.[5]

In sum, the Court concludes that Plaintiff's Motion to Appeal *in forma pauperis* was timely filed under Rule 4, is the functional equivalent of a notice of appeal, and objectively manifests an intent to appeal from the Court's final judgment in this case.  Accordingly, the Court concludes that Plaintiff's Motion is sufficient to confer appellate jurisdiction on the Eleventh Circuit to review that judgment.  The Court therefore turns to the question of whether any good-faith ground for appeal exists.

## II.    Appeals In Forma Pauperis

### A.    Required showing

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  In pertinent part, § 1915

---

[5] Indeed, although the Court in its March 15, 2007 Order instructed Plaintiff to file a notice of appeal, it also erroneously instructed Plaintiff to "subsequently file a renewed Motion to Proceed *in Forma Pauperis* and Motion for Certificate of Appealability containing the requisite affidavit listing the issues he intends to pursue on appeal." (Order of Mar. 15, 2007 at 8.)  Plaintiff then partially complied with the Court's instructions, filing a "Motion for Certificate of Appealability," expressly referencing that Order.

provides:

> (a)(1) [A]ny court of the United States may authorize
> the commencement, prosecution or defense of any
> suit, action or proceeding, civil or criminal, or appeal
> therein, without prepayment of fees or security
> therefor, by a person who submits an affidavit that
> includes a statement of all assets such prisoner
> possesses that the person is unable to pay such fees or
> give security therefor. Such affidavit shall state the
> nature of the action, defense or appeal and affiant's
> belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if
> the trial court certifies in writing that it is not taken in
> good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to
> appeal in forma pauperis must file a motion in the
> district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give
> security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on
> appeal.

Under § 1915 and Rule 24, two requirements must be satisfied in order to

proceed on appeal *in forma pauperis*.  First, the party must show an inability to

pay.  Second, the appeal must be brought in good faith.  Troup has submitted an

affidavit which adequately demonstrates an inability to pay.  Thus, the only

13

question that remains is whether she raises any good faith, non-frivolous issue on appeal.

### B.    The good faith standard

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3).  A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).  Where a claim is arguable, but ultimately will be

14

unsuccessful, it should be allowed to proceed.  <u>See</u> <u>Cofield v. Alabama Pub.</u>

<u>Serv. Comm'n.</u>, 936 F.2d 512, 515 (11th Cir. 1991).

### C.    No Good-Faith Ground for Appeal Exists

The Court has thoroughly reviewed Plaintiff's claims in this action and

the voluminous and many-times confusing materials submitted in support

thereof.  For the reasons stated in its three prior substantive Orders, the Court

has concluded that Plaintiff cannot, for one reason or another, prevail on each of

his numerous claims.  (<u>See</u> Order of Mar. 28, 2006 [87] at 7-35; Order of Feb.

2, 2007 [104] at 5-22; Order of Feb. 20, 2007 [108] at 1-5.)   Nothing presented

in this case has convinced the Court that any of its decisions with respect to

Plaintiff's claims is "capable of being convincingly argued," or that jurists of

reason could disagree as to their disposition.  Accordingly, the Court concludes

that any appeal from its final judgment in this case would be frivolous.

Plaintiff's Motion for Certificate of Appealability, which this Court construes as

both a notice of appeal and a renewed Motion to Proceed *in forma pauperis* is

therefore **DENIED** and the Court hereby **CERTIFIES** that any appeal from its

final judgment would not be taken in good faith.

AO 72A
(Rev.8/82)

SO ORDERED, this   23rd   day of April, 2007.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)